IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,

   v.

**KIRK MCAMIS,**

       Defendant.

**Case No. 6:18-cr-00468-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Defendant Kirk McAmis moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 40.

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

   (i) extraordinary and compelling reasons warrant such a reduction; or

   (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

   (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to

1 – OPINION AND ORDER

reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

Defendant argues the threat of serious illness or death from COVID-19, along with his other medical issues, present extraordinary and compelling reasons justifying compassionate release. The Court disagrees.

In late April, Defendant was diagnosed with COVID-19. Yet the Government notes that Defendant later recovered and was transferred back to FCI Terminal Island. Defendant has provided no evidence or medical records other than records concerning his medical issues before sentencing. On the contrary, the Government has provided medical records revealing that Defendant has fully recovered from COVID-19. *See* Ex. 1, ECF No. 49. While Defendant argues that he is at risk for reinfection, the Court instead agrees with the Government that Defendant's medical needs are being met while in the custody of the Bureau of Prisons. Resp. to Def.'s Mot. for Compassionate Release 4, ECF No. 45.

Additionally, even if the Court were to assume that Defendant has met his burden of proving extraordinary and compelling reasons, Defendant has not met his burden of proving that he his no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which includes: (1) the nature and circumstances of the

offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

Defendant pled guilty to the receipt of child pornography and received a 60-month sentence with ten years of supervised release. ECF No. 38. Federal law enforcement, after executing a search warrant at Defendant's home, found two computers and three external hard drives containing thousands of images of child pornography. Presentence Investigation Report ("PSR") ¶¶ 23–25, ECF No. 26. Defendant admitted that he had been viewing child pornography "forever." PSR ¶ 28. Defendant's release plan would place him back in the same community where he spent years collecting child pornography. The Court agrees with the Government that "simply returning [Defendant] to the community after serving approximately a quarter of his sentence does not adequately protect the community." Resp. to Def.'s Mot. for Compassionate Release 6 (citing *United States v. Mitchell*, No. 2:12-cr-0401 KJM, 2020 WL 2770070, at *3–4. (E.D. Cal. May 28, 2020); *United States v. Smith*, No. 3:16-cr-48 (MPS), 2020 WL 1903160, at *4 (D. Conn. April 17, 2020)).

Because Defendant has failed to demonstrate compelling and extraordinary circumstances or proven that he no longer remains a danger to the community, Defendant's Motion for Compassionate Release (ECF No. 40) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of July, 2020.

                                              **s/Michael J. McShane**
                                              Michael J. McShane
                                              United States District Judge

4 – OPINION AND ORDER